Good morning. Tracy Frittle, Assistant Federal Public Defender, on behalf of Appellant Abeo Gonzalez-Perez. In this appeal, Mr. Gonzalez-Perez contends, as he did before the District Court, that the government failed to establish, using a modified categorical approach, that Mr. Gonzalez-Perez's 2003 conviction for false imprisonment is a crime of violence under the reentry guideline. Now, the government has not, in its brief of the appellee, disputed Mr. Gonzalez-Perez's contentions regarding the District Court's application of the modified categorical approach. JUSTICE KENNEDY I had some feeling from the briefing that the government wasn't really even, or certainly not strongly, arguing that it did meet the modified categorical approach, arguing that if they fail on the categorical, then they've been modified. Do you feel that that's part of the argument? TRACY FRITTLE Well, they did not address the modified categorical approach at all in its  JUSTICE KENNEDY Well, that was my impression, that they're kind of flicking that one in. Now, flicking in might be too strongly put, and I'm not trying to stop you from your argument, but it looked to me like it's categorical or nothing. TRACY FRITTLE I think we kind of are left with that on the way this case has been argued in the briefs. And as this Court — as, Judge Fernandez, you said, what the government has done is taken a categorical approach. And this is the first time that the government has ever raised that argument that a categorical approach should be applied. Now, the government has given a couple of different justifications for applying a categorical approach, a strictly categorical approach. I'm going to focus on its proposed definition of kidnapping. Because that is what the government spends most of its brief addressing. JUSTICE GINSBURG Counsel, the difficulty I have with that is that your client wasn't convicted of kidnapping. TRACY FRITTLE That is the difficulty that I have with it as well. He was not convicted of kidnapping. JUSTICE KENNEDY Well, but the problem is, as we all know, it doesn't matter what the State statute calls it. If it's kidnapping under the Federal definition, it's kidnapping. So we've got to look at what this issue is. Okay. What do we mean by kidnapping under the guidelines, under the Federal concept  GINSBURG I do, Judge Fletcher. Looking at the statute, though. FLETCHER Right. Looking at Mr. Gonzalez-Perez's statute of conviction and comparing that statute of conviction to a generic definition of kidnapping. JUSTICE KENNEDY Exactly. FLETCHER Now, the government — JUSTICE KENNEDY So it's just Federal, is it? It's whatever generic means, it's that. FLETCHER Right. JUSTICE KENNEDY I mean, the Federal definition has adopted whatever the generic is, and we have to look outside of Federal law to find it. Right? I think we're on the same page with the concept. Now we've got to figure out what it is. TRACY FRITTLE Right. What the government has proposed is a definition that has really a single element, that a defendant unlawfully deprives the person's liberty. Now, the government has said that Wayne Lafayette's treatise on substantive criminal law, specifically Section 18.1, supports this definition of kidnapping. I read Section 18.1 of substantive criminal law differently. And in preparing for this argument, it occurred to me that the Court need not go so far as to adopt a definition of kidnapping, or at least not the complete model penal code definition, because really all that is at issue here in this case is whether or not a generic definition would include as an element a nefarious purpose. In other words, for a defendant to be convicted of generic kidnapping, must there be proof of some purpose? A nefarious purpose is the language that Lafayette uses. Now, I did not do this in my reply brief, but in preparing for argument, I actually counted out the States and the footnotes for Lafayette. And in doing that, I realized that there are 26 States. Specifically, let me get the statement that Lafayette uses when it describes a majority approach regarding whether proof of purpose, a nefarious purpose, is required in most criminal codes. Well, I'll just go right to the footnote. I'm sorry. Here is the language. What Lafayette specifically says on whether proof of purpose is required is while a minority of States do not utilize such a list, and when it refers to list, it's talking about a list of nefarious purposes, while a minority do not use such a list. And there is a footnote there. It's footnote 154. When I went to footnote 154, there are 11 States, just 11 States that follow that minority approach. But then Lafayette goes on to say the other States, meaning those in the majority, either do include requirement of purpose, either to distinguish kidnapping from any lesser offense carrying other labels. To me, what that means is that there are some States that include lists of purposes, and they do so for or in order to distinguish kidnapping from non-kidnapping offenses. For example, false imprisonment. I went to that footnote. That footnote is 155. I counted those States. There are 26. That is clearly a majority approach. Important to note, among those 26 States is Florida. Florida, of course, is the conviction that the statutory scheme that we are dealing with in this case. Mr. Gonzalez Perez was originally charged with kidnapping under Florida law, a State that follows the majority approach in how it defines kidnapping. He was not convicted of kidnapping. That was very clear on the record. Judge Roll did, in fact, note that, that it was clear that Mr. Gonzalez Perez pled to a reduced or a lesser offense. Those words were used in the district court used those words, and of course, those words were used in the Florida transcript. So I take your argument to be if Florida's false imprisonment is not, if so facto, generic kidnapping, so that Florida has two kidnappings without knowing it. But if it's not, if so facto, generic kidnapping, that's the end of this story. I do believe so, Judge Fernandez. Okay. I understand. And unless the Court has any questions at this time, I will reserve the rest of my time. Okay. Let's hear from the government, and then you'll have some time. May it please the Court. Excuse me. My name is Bruce Ferg, assistant United States attorney on behalf of the government in this case. We are, in fact, talking about the propriety of the 16-level enhancement that the district court found, and it is the government's position that, in fact, the false imprisonment statute under which the defendant was convicted in Florida does constitute kidnapping in the generic and temporary sense. Okay. Just to make sure we're all on the same page with this, I think it's clear, but I want to make crystal clear that it's clear. We're not arguing that a modified categorical approach is available here on the records that the district judge had in front of him. Is that correct? That's correct. So it's categorical or nothing? That's right. As Judge Fernandez said. Okay. Counsel, can I ask you how the false imprisonment statute in this case differed from the one in Hernandez-Hernandez? I've read Hernandez-Hernandez, but frankly, I'm drawing a blank right now, so I'm afraid I can't answer that. Because in Hernandez-Hernandez, we said the California false imprisonment statute was not categorically a crime of violence. I think that the problem with relying on Hernandez-Hernandez in this case is that there, all that was done was to examine the terms of that particular statute and see whether it would fit. The court did not have a fourth proposition, which we are making to you now. That's what Taylor tells us to do. Taylor tells us to look at the broadest category of conduct that can be a crime under the statute, and then compare that with the generic definition. But that's only if you're deciding whether to do it categorically or in a modified categorical way. That's to determine whether or not it's a categorical crime of violence, isn't it? And that's what I'm proposing, because what we're dealing with here is a guideline that simply uses the term kidnapping, but without defining it. And so we have to understand the need. Before we get there, do you agree that in order to apply the Taylor approach in the categorical realm, that we have to first find, looking at the words of the statute, what is the broadest conduct that can be a crime under that statute? Yes. Okay. Under the Florida statute, it appears that if one secretly confines a person, that can constitute false imprisonment under the Florida statute. Do you agree with that? Yes, and also kidnapping. The only differentiation under the Florida statute is the ransom. Is the addition of the kinds of nefarious purposes that Ms. Priddle was talking about. So the false imprisonment statute doesn't have a nefarious purpose concept? No. It's been defined as a general intent, in fact, kidnapping as well in Florida, as a general intent offense. So if someone locked all of these doors and we had no idea that they had done that, but they had locked the doors intentionally to keep us in here, would that be a crime under the Florida statute? No. That's a misunderstanding, which I think also the district court suffered from, about the meaning of secret under the Florida statute. If you read the cases, I think Robinson was one of the ones that Ms. Priddle cited, what Florida really means by that is that it's not secret from the victim, as in your example, but secret from the world. In other words, the person is being isolated in such a way that there is no ---- No, I thought Robinson said that the victim was unaware of what was happening. Well, she certainly was. She was being dragged around by these people who ---- No, no, no, no. In Robinson. In the Robinson case, was that a case where the people were on a date and he took her to a secluded area and she was unaware of what was happening? The victim was unaware. Well, initially, until he wouldn't let her out of the car and started raping her. But the whole point of the definition of Robinson was that she was isolated from contact with other people. It wasn't that she didn't know that she was in a state of being restrained. But, again, I think that this is ---- I have to say, I read Robinson the way Judge Rollinson is reading it, that the word secretly in the Florida statute serves much the same purpose as the word deceit serves in the California statute. And that's exactly why we have to look, I suggest to you, at a generic definition. What does kidnapping, which is not otherwise defined within the guidelines, mean? And does it mean simply those which include those kinds of elements or not? That is where I suggest that the tailor says we have to look, in fact, when it's not defined to what is the kind of conduct which is recognized generally. And the essence of that kind of contact, the conduct which is recognized generally, is this restraint of the person against their will, regardless of the ---- My ---- I'm sorry. Go ahead. I think you can probably dispose of this question fairly quickly. The nub of it for me comes down to not whether it's secretly or not, when we're talking kidnapping. When we're talking sort of the catch-all violence, it does. But when we're talking kidnapping, it's the nefarious purpose question. My understanding is that your adversary has it right that the majority requires some form of nefarious purpose. And what's on that list may vary a little bit. But here the false imprisonment statute in Florida has no such nefarious purpose requirement. All it has is the false imprisonment. It doesn't specify any purpose whatsoever. And that's why it's basically going down or following a red herring to be concerned about nefarious purpose, because you have to analyze each one of those states. And as the quotation that she read indicates, most of the reasons why they do that is simply grading. It is not saying that this is essentially different from kidnapping. It is saying that we want to distinguish for penalty purposes, just as, for example, under the common law, kidnapping and false imprisonment were essentially the same. But for grading purposes, for making it a higher penalty, they called it kidnapping with the additional element of taking the person out of the country. But the labeling, I'm afraid, because the guideline uses the term kidnapping, I mean, we have to figure out what is a generic labeling of kidnapping. That's right. And it seems to be the majority requires some nefarious purpose. And here under the Florida statute for false imprisonment, no purpose whatsoever is required. I mean, there may be one, but there's none specified in the statute. That's why I pointed to the court to the fact that even under 2L1.2, in order even to get to this question, the seriousness or the grading has already in effect been taken care of by the fact that it's required to be a felony under State law, meaning it's serious enough, however they do their grading, for it to be entitled to a penalty of at least a year in prison. So the purpose, as I say, of often in those statutes, of talking about these nefarious purposes, and the explicit reason why the model penal code went down that direction was simply for grading of penalties. They didn't like the idea that you could have a single broadly defined offense of kidnapping. And so in order to distinguish it for penalty purposes, and it's made very clear in the commentary that that's why they were breaking down kidnapping from false imprisonment and the other lessors. Well, there might be a reason for doing it, but what they and courts have been concerned about and states have been concerned about, it seems to me, is every robbery becomes a kidnapping. Every zillions of kinds of offenses become kidnappings also. Now, whether kidnapping carries a higher penalty or a lower penalty, it seems to me is irrelevant. It's not particularly relevant whether it's higher or lower. The point is you want to say, you know, when I slammed the car door, I haven't kidnapped somebody. When I robbed them at gunpoint, I haven't kidnapped them. I just haven't. And that's exactly one of the points that I hoped I'd made in the brief was that in Taylor, when we're talking about what is a generic offense, it doesn't even look at the penalties. And so this whole grading issue is not really part of the Taylor analysis at all. What the Supreme Court was saying is what is the essence of these offenses, no matter what we call them, because it pointed out that you had in Michigan things that were not even called burglary and yet effectively constituted burglary, and yet in other states you could have all kinds of varieties of activities that were called burglary but ended up not being included in that generic definition. So labels or even the specific conglomeration of elements in any particular state is not the issue. The issue is what is broadly understood by the legal community as a whole to constitute the essence of this offense. But that's the very point. You're trying to suck out part of what people think is the essence of it and say, well, we're going to throw that one away because that's just grading. We're going to throw that away because that's just grading, so we're not going to worry about that. And everybody in the legal community would say, gosh, if you rob somebody, you've kidnapped them, except for grading purposes we won't call it that. Or if you keep them separate from people, you've kidnapped them. And we don't care about that, about the grade. It's a grading thing. You've kidnapped them anyway. We all know it's kidnapping. We're just not going to call it that. That's what you seem to be saying. Because that is what has happened with the states. Despite the MVC's efforts to create, in effect, a generic definition, when you actually read the entire commentary in Lefebvre, which I did not offer for the idea that it supports my particular proposed definition, what he shows is here is where this was kind of the starting point. But these states have picked and chosen. They sometimes will use this suggested element, sometimes that, sometimes they'll grade, sometimes they'll call it different things. And often even the very same word will be interpreted differently across state lines. I understand. Thank you. Roberts. Thank you very much, Mr. Ferg. Ms. Riddle, you have some time.  I'm just going to go back to Lefebvre and this, because of this issue of grading that has been brought up. And what Lefebvre says about purposes is it says it first describes the approach of not including nefarious purpose as a minority approach. And then it says there are states that include nefarious purposes to distinguish kidnapping from any lesser offense carrying other labels. That, to me, means that they are distinguishing kidnapping from non-kidnapping by the use of nefarious purposes. Lefebvre then goes on to say other states include nefarious purposes to distinguish the highest grade of kidnapping from one or more lesser degrees of that offense. And that is footnote 156. And when I went to count those states, that's 13 states. So there are 11 states following the approach of not including any kind of purpose. There are 26 states that include purpose, that include requirement of nefarious purpose in order to distinguish kidnapping from non-kidnapping. And then there are 13 states that include nefarious purposes just for grading purposes, as the government has said. Even if we say that those 13 states that include nefarious purpose just for grading purposes, even if we say that those states, that the fact that they include nefarious purposes only for grading, that that means that they consider kidnapping something broader than just, than something that would require nefarious purpose. Even if we add those two, that's 24 states following the approach of not including nefarious purposes, and then 26 states following the approach of including nefarious purposes. And ---- Roberts. Sounds like he won the election by a landslide. ---- It's very close. But that's, Judge, that's even if we assume that this grading argument, that's if we buy the government's grading argument. But even then, Mr. Gonzalez-Perez, it wins, meaning that the definition including nefarious purpose is favored, the favored approach. Also, I'll just refer the Court to another quote from Lefebvre. It says, it describes a minority approach of states that deviate substantially from the model penal codes reform because they place in a single statute without regard to whether the means used or the under ---- I'm sorry, they place in a single statute all instances of carrying restraining without regard to whether the means used or the underlying purpose manifests a crime of considerable seriousness. And that's 11 states that follow that approach. That is the government's definition. Okay. Thank you very much. Thank both sides for a useful argument and an interesting issue. The case of the United States v. Gonzalez-Perez is now submitted for decision.
judges: Fernandez, W. Fletcher, Rawlinson